UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/21/2023
```

Dana Escoffier,

                    Plaintiff,

          -against-

Whole Foods Market Group, Inc.,

                    Defendant.

1:22-cv-06588 (AS) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Pending before the Court is a motion by defendant Whole Foods Market Group, Inc. ("Defendant"), pursuant to Rule 37(d)(1)(A) of the Federal Rules of Civil Procedure, for sanctions against *pro se* plaintiff Dana Escoffier ("Plaintiff"), based upon Plaintiff's failure to appear at his deposition on September 5, 2023. (*See* Def.'s 10/19/23 Mot., ECF No. 52.) For the reasons set forth below, Defendant's motion is DENIED.

## BACKGROUND

By Order, dated August 21, 2023, the Court directed Plaintiff to appear for an in-person deposition on September 5, 2023, at 11:30 a.m. at the Veritext offices in Times Square. (8/21/23 Order, ECF No. 44, ¶ 2.) On September 5, 2023, at 2:20 a.m., Plaintiff left a voice mail message in a generic voice mailbox at the law firm of Defendant's counsel of record, Peter Murano ("Attorney Murano"), stating:

> Hello, this is Dana Escoffier. Today, September 5, is the scheduled deposition. However, I cannot move forward on the deposition today for medical reasons and I am calling at this hour to ask if you would please let Mr. Murano know early in the morning first thing in the morning, in fact, before anyone departs from the office to any scheduled location. Again, Dana Escoffier scheduled for a deposition today on September 5, at 11:00 a.m. and I cannot go forward today with the deposition for medical reasons. Thank you.

(Murano Decl., ECF No. 52-3, ¶ 11.)

On September 5, 2023, Attorney Murano appeared at the Veritext offices in advance of 11:30 a.m., since he was not aware of Plaintiff's voice mail message. (*See* Murano Decl. ¶ 4; 8/5/23 Tr., ECF No. 52-2, at 4.) A stenographer retained by Defendant was present. (Murano Decl. ¶ 4.) As of 11:50 a.m., Plaintiff had not appeared at the deposition and Attorney Murano called Plaintiff at that time. (Murano Decl. ¶¶ 5-6.) Plaintiff stated that he had left a message at Attorney Murano's office at 2:20 a.m. and that Plaintiff could not appear for his deposition due to headaches. (*Id*. ¶¶ 6-7.) Attorney Murano then went on the record with the stenographer and stated, among other things, that neither he nor anyone in his office was aware of a voice mail having been left by Plaintiff, and that Attorney Murano intended to send correspondence to the Court to seek further guidance. (*Id*. at 5.) Late in the day on September 5, 2023, Plaintiff's voice mail was located by Attorney Murano's office. (Murano Decl. ¶ 10.)

On October 2, 2023, Attorney Murano filed a letter with the Court noting, among other things, that Plaintiff had failed to appear for his scheduled deposition. (Def.'s 10/2/23 Ltr., ECF No. 48, at 1-2.) Following a telephone conference on October 12, 2023, for which Plaintiff failed to appear, the Court entered an Order directing that Plaintiff contact Attorney Murano to reschedule Plaintiff's deposition and granting leave to Defendant to file a motion for sanctions based upon Plaintiff's failure to appear for his September 5 deposition. (10/12/23 Order, ECF No. 51, ¶¶ 1-2.)

On October 19, 2023, Defendant filed the instant motion for sanctions. (*See* Def.'s 10/19/23 Mot.) In connection with its motion, Defendant seeks to recover $4,125.42 from Plaintiff, representing the costs and fees that Defendant incurred as a result of the deposition

not going forward on September 5. (*See* Def.'s 10/20/23 Ltr., ECF No. 54.)[1] Plaintiffs' deposition was completed on October 25, 2023. (*See* Def.'s 11/1/23 Ltr., ECF No. 56, at 1.)

## LEGAL STANDARDS

Rule 37(d) provides that a court has the power to order sanctions when "a party . . .fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). "[A] party applying for sanctions under Rule 37(d) is not required to prove that the party who failed to attend the deposition acted in bad faith." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148-49 (S.D.N.Y. 2014) (internal citations omitted).

Pursuant to this Rule, a court may award a variety of sanctions but "must" require the recalcitrant party or its attorney or both "to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The substantially justified standard is satisfied if there is a "genuine dispute" or "if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (discussing standard in analogous context)); *see also Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 118 (S.D.N.Y. 2011) (applying *Pierce* to Rule 37 context). "The imposition of sanctions under [Rule] 37(d) is within the discretion of the district court." *Jackson-Lipscomb v. City of New York*, No. 17-CV-10093 (ALC) (KNF), 2019 WL 6138629, at *4 (S.D.N.Y. Oct. 7, 2019) (quoting *Bobal v. Rensselaer Polytechnic Inst.*, 916 F.2d 759, 765 (2d Cir. 1990)) (internal quotation marks omitted).

---

[1] Plaintiff failed to file any papers in opposition to Defendant's motion. Nonetheless, the circumstances of Plaintiff's nonappearance are fully set forth in Defendant's motion papers.

## DISCUSSION

The Court, in its discretion, declines to impose sanctions against the *pro se* Plaintiff. The Court finds that Plaintiff's failure to appear for his deposition on September 5 was substantially justified in circumstances where he had a plausible reason not to appear (*i.e.*, his headaches) and he left a voice mail at Attorney Murano's office (albeit in an arguably imperfect manner) in the early morning advising Attorney Murano that Plaintiff would not be appearing. *See Hughes v. Butt*, No. 17-CV-01151 (DNH) (DEP), 2018 WL 6591576, at *2 (N.D.N.Y. Dec. 14, 2018) (declining to award sanctions against *pro se* plaintiff who unilaterally terminated his deposition partway through due to medical condition). In the alternative, and as a separate basis for denying Defendant's motion, the Court finds that the peculiar circumstances of this case, an award of sanctions would be unjust given Plaintiff's *pro se* status, his attempt to contact Defendant's counsel in advance of the deposition and the fact that Plaintiff subsequently appeared for his rescheduled deposition.

## CONCLUSION

For the foregoing reasons, Defendant's motion for sanctions is DENIED.

**SO ORDERED.**

Dated:       New York, New York
             December 21, 2023

_____
STEWART D. AARON
United States Magistrate Judge

4